ROGERS, APPELLEE, *v.* CITY OF WHITEHALL, APPELLANT.

[Cite as Rogers *v.* Whitehall (1986), 25 Ohio St. 3d 67.]

(No. 85-1747—Decided July 16, 1986.)

*Rogers & Godbey Co., L.P.A., James D. Godbey* and *George C. Rogers,* for appellee.

*Ted Zwayer,* city attorney, *Paul R. Edgar* and *Kevin Durkin,* for appellant.

KEEFE, J.   This court is confronted with the following issues: (1) Whether appellee Rogers' action and judgment in his favor in the federal court is *res judicata* to the unpaid salary action he brought in the Court of Common Pleas of Franklin County; (2) What is the legal significance of the covenant not to sue executed at the time of the settlement of the federal suit?

Appellee argues that the claim for unpaid salary he had against Whitehall was not included in the Section 1983 civil rights action he brought in the federal court. The federal action, he contends, sounded in tort and the later complaint filed in common pleas court was predicated upon a contract or quasi-contract theory of law.[1] The common pleas judge, in examining the complaint filed by Rogers in the United States district court, concluded that a salary issue was in fact very conspicuously embraced. We agree. This is not a case where the complainant in federal court could have included an additional claim, and should have, but failed to do so. Examination of the complaint filed April 29, 1980 by Rogers in the United States district court overwhelmingly demonstrates Rogers' inclusion in his litany of claimed damages the wrong done to him by Whitehall by not paying his salary for the period hereinabove indicated.

---

[1] Throughout the record before us, and in the course of oral argument, it is not urged on behalf of Rogers that he could not have joined the unpaid salary issue with the Section 1983 civil rights action in the United States district court. At least during oral argument, the possibility of joinder of the causes of action is expressly admitted by appellee's counsel. Appellee's position is that he did *not* assert the unpaid salary issue in the federal suit and therefore was *not* barred from the separate and independent suit in the court of common pleas.

The complaint in the United States district court expressly claims that Rogers' salary was not paid.[2]

The doctrine of *res judicata* is an integral part of the law of this state. For purposes of the matters before us, this doctrine is that an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit.[3] Furthermore, it has long been recognized that the doctrine of *res judicata* applies in a proper case as between federal court and state court judgments. The general principle was set forth in the early case of *Covington & Cincinnati Bridge Co.* v. *Sargent* (1875), 27 Ohio St. 233, in which it was expressed, *inter alia,* that the judgment or decree of a court possessing competent jurisdiction shall be final as to the subject matter thereby determined, a rule which " 'can admit of no doubt.' " *Id.* at 238 (quoting from the case of *Le Guen* v. *Gouverneur & Kemble* [1800], 1 Johns. Cas. 492). There are many appellate decisions before and after *Sargent* espousing the same *res judicata* principle. The doctrine seems so well established as not to require a listing of further authorities.

We do reference, however, *Henderson* v. *Ryan* (1968), 13 Ohio St. 2d 31 [42 O.O.2d 65], because we find especially apt the following language from Justice Schneider's opinion:

"To save time and to relieve court congestion, parties are encouraged, if not commanded, to litigate all their claims in one action, except to the extent that joinder of multifarious and complex issues would produce confusion and prejudice." *Id.* at 38.

No perceivable problem exists by joining the unpaid salary issue with the principal issue, *viz.,* deprivation of rights under the First and Fourteenth Amendments to the Constitution of the United States and under Section 1983, Title 42, U.S. Code, in the federal court action. It seems illogical to attempt to argue that litigation of the unpaid salary issue simultaneously with Rogers' federal claims might have produced confusion and/or prejudice when the federal suit was resolved by a settlement decree entered into by "agreement of the parties and their attorneys, and with the approval of the Court."

We approve the rule of law enunciated in the recent case of *Lakewood Congregation of Jehovah's Witnesses, Inc.* v. *Lakewood* (1984), 20 Ohio App. 3d 338. In *Lakewood,* the Court of Appeals for Cuyahoga County, in a well-reasoned opinion authored by Judge Pryatel, decided that a cause of

---

[2] We find direct references to unpaid salary in paragraphs 18 and 34 of the complaint filed in federal court, and additionally allusions to the same salary subject in paragraphs 17, 35 and 36, and in the prayer for compensatory damages in the amount of $600,000.

[3] Here we are not confronted with the portion of the doctrine which applies to a "might have been litigated" situation. The issue *sub judice* simply is whether the so-called salary issue was litigated in the federal case. The thrust of appellant's argument throughout is that the salary issue was positively litigated in the United States district court.

action which has been litigated in federal court determining that a zoning ordinance did not violate the United States Constitution may not thereafter be litigated in a state court.

The court of appeals below relied exclusively upon the case of *Norwood* v. *McDonald* (1943), 142 Ohio St. 299 [27 O.O. 240], in reaching its conclusion that appellee's second lawsuit against appellant was not barred by the doctrine of *res judicata.* We are unable to agree with that court in its heavy reliance upon *Norwood* v. *McDonald* in making its decision, particularly upon paragraph ten of the syllabus in *Norwood.*

We hold that a claim litigated to finality in the United States district court cannot be relitigated in a state court when the state claim involves the identical subject matter previously litigated in the federal court, and there is present no issue of party or privity. Thus, appellee's action and judgment in his favor in the United States district court are *res judicata* to the action below in the Court of Common Pleas of Franklin County.

Accordingly, we do not reach the somewhat cryptical covenant not to sue executed by, *inter alia,* Rogers and Whitehall. We note parenthetically that the court of appeals below found the covenant ambiguous. Interpreting the covenant would be a vain exercise in view of our decision that the doctrine of *res judicata* bars the unpaid salary action in the court of common pleas.

The judgment of the court of appeals is reversed and the decision of the court of common pleas is reinstated.

*Judgment reversed.*

CELEBREZZE, C.J., SWEENEY, LOCHER and HOLMES, JJ., concur.

C. BROWN and DOUGLAS, JJ., dissent.

KEEFE, J., of the First Appellate District, sitting for WRIGHT, J.