940 F.2d 664
 1991-2 Trade Cases 69,542
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Perry WALKER, Plaintiff-Appellant,
v.
GENERAL MOTORS CORPORATION, Defendant-Appellee.
 No. 91-3096.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1991.
 
 1
 Before NATHANIEL R. JONES and SUHRHEINRICH, Circuit Judges, and TODD, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Perry Walker, an Ohio pro se litigant appeals the district court's judgment granting defendant's motion for summary judgment in an action he filed in the district court against General Motors Corporation (hereinafter GMC). Walker sued GMC for damages due to a breach of a service contract, of written and implied warranties, and for violations under the Magnuson-Moss Warranty Act (hereinafter Act) pursuant to 15 U.S.C.A. Secs. 2301, 2304 and 2308.
 
 
 4
 In June 1984, Walker purchased a used 1979 Cadillac from a GMC dealership. Included in the purchase price was a 12 month/12,000 mile service agreement. Walker alleged that there were numerous defects in the car but the dealership was either unwilling or unable to repair the problems under the service agreement. He alleged that the dealership delayed discovery of the defects until the service agreement expired, that the dealer misrepresented the condition of the automobile to him and that there was a violation of provisions under the Act.
 
 
 5
 Initially, Walker commenced an action against GMC and the GMC dealership in the Common Pleas Court of Cuyahoga County, Ohio asserting the same claims he later raised in his lawsuit in the federal district court. The state court granted a directed verdict in favor of the defendants on all of Walker's claims.
 
 
 6
 Walker appealed to the Ohio Court of Appeals which affirmed the state court judgment. In doing so, the court stated that Walker could not argue that the trial court had not addressed his claims under the Act because he had not complained of this oversight to the trial court. Nonetheless, the court noted that the trial court had substantively adjudicated Walker's federal claims under the Act. The Supreme Court of Ohio refused to certify the record for further review, and the United States Supreme Court denied his petition for a writ of certiorari.
 
 
 7
 Walker filed an action in the federal district court raising the same claims that he had raised in his state court action, suing only GMC and not the GMC dealership. The district court treated the defendant's motion to dismiss as a motion for summary judgment which was granted in defendant's favor. The district court determined that the state court judgment in favor of GMC on Walker's claims under the Act precluded the relitigation of those claims in federal court based on the doctrine of res judicata.
 
 
 8
 Walker then filed a timely appeal arguing that his federal claims under the Act are not barred by the doctrine of res judicata because the state trial court did not properly adjudicate them.
 
 
 9
 Upon review, we conclude that the district court properly granted summary judgment in defendant's favor as there was no genuine issue of material fact and defendant was entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 10
 The district court properly determined that the Ohio state court judgment in favor of GMC on Walker's federal claims under the Act precluded the relitigation of those claims in the district court based on the doctrine of res judicata.
 
 
 11
 A federal court must give a state court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered. Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). The Ohio state trial court issued a judgment on Walker's claims and the Ohio Court of Appeals affirmed that judgment. Consequently, Ohio law governs that judgment's preclusive effect.
 
 
 12
 According to the Ohio doctrine of res judicata, an existing final judgment rendered upon the merits, without fraud or collusion by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. Norwood v. McDonald, 142 Ohio St. 299, 305, 52 N.E.2d 67, 71 (1943). An existing final judgment or decree between the parties to litigation is conclusive not only as to the claims which were litigated but also to the claims which might have been litigated in the first lawsuit. Rogers v. Whitehall, 25 Ohio St.3d 67, 69, 494 N.E.2d 1387, 1388 (1986). Under Ohio law, a judgment on the merits of the suit is a complete bar to another suit on the same cause of action between the same parties. LaBarbera v. Batsch, 10 Ohio St.2d 106, 109, 227 N.E.2d 55, 59 (1967).
 
 
 13
 The claims raised in the state and federal lawsuits are the same, as are the parties. Both lawsuits arise from the same transaction, Walker's purchase of a used 1979 Cadillac. Walker was given an opportunity to assert his claim on the merits of his case and the state court found in favor of the defendants. The Ohio Court of Appeals affirmed the judgment of the trial court and the Supreme Court of Ohio refused to certify the record for further review. Given these circumstances, the district court properly found that the state court judgment in GMC's favor on Walker's federal claims barred the relitigation of those claims in federal court.
 
 
 14
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James D. Todd, U.S. District Judge for the Western District of Tennessee, sitting by designation