OPINION AND JOURNAL ENTRY
This cause comes on appeal from an order of Mahoning County Court No. 5, involuntarily dismissing appellant's complaint for his failure to appear either in person or by legal representative.
 CASE HISTORY
On January 19, 1996, pro-se appellant filed a complaint in Mahoning County Common Pleas Court to recover the sum of $595.00, which represented his full cost for the purchase of an extended service agreement on a used vehicle he purchased from appellee. He sold the vehicle two years after its purchase and then filed suit to recover the full amount of the extended service contract. As the amount in controversy did not meet the threshold minimum for jurisdiction to vest in the Common Pleas Court, it was transferred to County Court. By a magistrate's decision issued on December 18, 1997, the appellee's motion to dismiss was sustained upon appellant's failure to appear at a scheduled hearing. It is uncontroverted that appellant has been incarcerated at all times relevant to the proceeding.
Appellant filed a motion to dismiss the magistrate's decision, erroneously referencing Civ.R. 60(B). He then filed a motion for default judgment and later filed a motion for summary judgment.
On May 17, 2000, the court adopted the magistrate's ruling after review of objections filed by appellant. On June 9, 2000 the court vacated the above order and set the matter for hearing and further denied appellant's request that he be conveyed to the court for the hearing.
As indicated on the entry written on the file jacket, on July 7, 2000, a hearing was held and the matter was dismissed. The August 4, 2000 entry memorialized the action of July 7, 2000 and stated that the civil action was involuntarily dismissed pursuant to Civ.R. 41(B)(1). This appeal followed. Pro-se appellant presents two assignments of error:
"1. The trial court erred and or abused its discretion in declining to entertain plaintiff-appellant's motion to transfer the case back to the Boardman County Court in violation of personal, subject matter, territorial jurisdiction and venue of the Ohio Constitution, Revised Code and the U.S. Constitutional applicable provisions;
"2. The trial court erred and or abused its discretion in dismissing the complaint sua sponte pursuant to Ohio Civil Rule 41(B)(1)."
For the reasons that follow we affirm the judgment of the trial court.
 ANALYSIS
The record of this appeal includes appellee's motion to dismiss filed on October 1, 1997. The basis of the motion is that appellant had previously filed the same claim against appellee in Case No. 93 CVH 499 and a merit judgment had been rendered in that case, precluding this action on the basis of res judicata. The doctrine of res judicata precludes a party from relitigating an issue that has been adjudicated by a court of competent jurisdiction. Norwood v. McDonald (1943),142 Ohio St.3d 299, 305. There are two branches of res judicata: claim preclusion and issue preclusion. A discussion of the differences is provided in Hammon v. Ohio Edison Co. (May 8, 2002) 7th Dist. No. 00 CO 51, 2002 Ohio 2287. In Holzemer v. Urbanski (1999), 86 Ohio St.3d 129,133, the Ohio Supreme Court discussed the claim preclusion aspect of res judicata. It stated:
"In Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, this court adopted an expansive view of claim preclusion, holding at the syllabus that `[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.' In addition, `an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit.' Rogers v. Whitehall (1986),25 Ohio St.3d 67, 69, 25 OBR 89, 90, 494 N.E.2d 1387; Natl. Amusements,Inc. V. Springdale (1990), 53 Ohio St.3d 60, 62, 558 N.E.2d 1178, 1180;Grava, 73 Ohio St.3d at 382, 653 N.E.2d at 229."
The claim identified in this action is identical to that which was decided by Mahoning County Court No. 2 in Case No. 93 CVH 499, captionedBuoscio v. Stadium Lincoln-Mercury. The complaint in that case was to recover the same $595.00 at issue in this case. The parties are identical. On November 10, 1993, the court issued an order finding that the complaint failed to state a claim upon which relief could be granted.
Appellant filed an appeal of that judgment order under Appeals Case No. 93 CA 269. The Clerk's docket record reveals that on March 10, 1994, the appeal was voluntarily dismissed, thus terminating the litigation.
Appellant has merely refiled a complaint which has been fully and finally litigated. It was not necessary for the lower court magistrate or judge to go through the process of scheduling the matter for hearing and then use failure to appear as the basis for dismissal, as the appellee's motion to dismiss filed October 1, 1997, demonstrated sufficient cause to dismiss on the grounds of res judicata.
Judgment of the trial court is affirmed for a reason other than that expressed by the trial court.
Costs taxed against plaintiff-appellant.
Vukovich, J., concurs.
Waite, J., concurs.
O'Neill, J., Ret. Sitting by Assignment, concurs.