OPINION
{¶ 1} Defendant-Appellant, Raymond Longworth ("Appellant"), brings this pro se appeal from an Allen County Common Pleas Court decision denying his petition for post-conviction relief. On appeal, Appellant contends that he was denied his constitutional speedy trial rights and that there was insufficient evidence supporting his underlying conviction; however, because this Court determined in his previous direct appeal that his speedy trial rights were not violated and because Appellant could have brought the sufficiency claim in that appeal, both claims are barred by res judicata. Moreover, while Appellant contends that he was denied effective assistance of counsel both at trial and on direct appeal, he is precluded from maintaining his arguments because he proceeded pro se at trial and a post-conviction petition for relief is not the proper procedural vehicle to maintain an ineffective assistance of appellate counsel claim.
 {¶ 2} Facts and procedural history pertinent to the issues raised on appeal are as follows. Appellant was convicted of gross sexual imposition on December 29, 2000, and sentenced to a term of five years with the Ohio Department of Rehabilitation. Thereafter, Appellant directly appealed his conviction, which was affirmed by this Court.[1]
After hearings on February 29 and March 5, 2001, Appellant was determined to be a sexual predator.
 {¶ 3} Subsequently, on November 21, 2001, Appellant filed a petition for post-conviction relief pursuant to R.C. 2953.21 in the Allen County Common Pleas Court, alleging that his speedy trial rights were violated, he received ineffective assistance of counsel both at trial and on direct appeal, and that there was insufficient evidence supporting his conviction. The trial court denied the petition, finding that res judicata barred his claims and that he failed to state a claim upon which relief could be granted.
 {¶ 4} From this decision, Appellant appeals, asserting four assignments of error for our review. Because his first and fourth assignments will be resolved utilizing similar rationale, we will discuss them simultaneously. Likewise, because Appellant's second and third assignments contain overlapping arguments, we will discuss them together.
 Assignment of Error I {¶ 5} "Defendant was denied the right to a speedy trial."
 Assignment of Error IV {¶ 6} "Insufficient evidence to obtain a conviction."
 {¶ 7} At the outset, we note that the doctrine of res judicata dictates that "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."[2] The doctrine operates to preclude a subsequent action both on claims that were actually litigated and also those that could have been litigated in a previous action.[3] "[A]n existing final judgment or decree between the parties to litigation is conclusive as to all claims that were or might have been litigated in a first lawsuit."[4]
 {¶ 8} Within his first assignment of error, Appellant maintains that his speedy trial rights were violated by the trial court. After Appellant's conviction and sentence, however, he directly appealed to this Court, wherein we determined that no such violation existed.[5] The Ohio Supreme Court has held that "[c]onstitutional issues cannot be considered in post-conviction proceedings under Section 2953.21 et seq., Revised Code, where they have already been or could have been fully litigated by the prisoner while represented by counsel, either before his judgment of conviction or on direct appeal from that judgment, and thus have been adjudicated against him."[6] Herein Appellant was represented by counsel in his prior appeal to this Court where we determined the issue currently before us against him. As such, res judicata bars Appellant's arguments within his first assignment of error.[7]
 {¶ 9} Appellant claims in his fourth assignment of error that insufficient evidence supported his conviction. However, because such claim could have been raised on his previous appeal, res judicata precludes Appellant from raising such error in a post-conviction petition.[8]
 {¶ 10} Consequently, based upon the foregoing, we find Appellant's first and fourth assignments of error to be without merit, and they are overruled.
 Assignment of Error II {¶ 11} "Denied right to effective assistance of counsel."
 Assignment of Error III {¶ 12} "Defendant claims there was an actual conflict."
 {¶ 13} Appellant's arguments in his second and third assignments of error aver that he was denied effective assistance of counsel at trial and on direct appeal. We will begin by discussing his claims of ineffective assistance at trial.
 {¶ 14} Notably, Appellant represented himself at trial, and the decision to do so was upheld as a proper relinquishment of his right to counsel by this Court upon Appellant's direct appeal from conviction.[9]
Consequently, we find Appellant's arguments without merit for a number of reasons. First, the Sixth Amendment guarantee of effective counsel refers to attorney representation, not pro se appearances.[10]
Additionally, the conduct of which Appellant complains amounts to invited error in light of his decision to proceed pro se.[11] Moreover, even if Appellant could raise such an argument, based upon our foregoing discussion above, an ineffective assistance of trial counsel claim could have been brought in his direct appeal to this Court. Therefore, we find no merit to Appellant's contention.
 {¶ 15} Appellant further maintains that he was denied effective assistance of appellate counsel on direct appeal to this Court. The Ohio Supreme Court has previously held that "[c]laims of ineffective assistance of appellate counsel are not cognizable in post-conviction proceedings pursuant to R.C. 2953.21."[12] Such claims are instead properly raised in an application for reconsideration in the court of appeals or in a direct appeal to the Supreme Court pursuant to Section2(B)(2)(a)(iii), Article IV of the Ohio Constitution.[13]
 {¶ 16} Based upon the foregoing rationale, Appellant's second and third assignments of error are hereby overruled.
 {¶ 17} Having found no error prejudicial to Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
Judgment affirmed.
BRYANT and HADLEY, JJ., concur.
[1] State v. Longworth (Oct. 16, 2001), Allen App. Nos. 1-01-08, 1-01-51, 2001-Ohio-2295.
[2] Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus.
[3] Id. at 382.
[4] Rogers v. Whitehall (1986), 25 Ohio St.3d 67, 69.
[5] State v. Longworth (Oct. 16, 2001), Allen App. Nos. 1-01-08, 1-01-51, 2001-Ohio-2295.
[6] State v. Perry (1967), 10 Ohio St.2d 175, paragraph seven of the syllabus.
[7] Id., at paragraph eight of the syllabus.
[8] Id, at paragraph seven of the syllabus.
[9] State v. Longworth (Oct. 16, 2001), Allen App. Nos. 1-01-08, 1-01-51, 2001-Ohio-2295.
[10] State v. Fentress (Apr. 22, 2002), Stark App. No. 2001CA00155, 2002-Ohio-2477.
[11] Id.
[12] State v. Murnahan (1992), 63 Ohio St.3d 60, paragraph one of the syllabus.
[13] Id., at paragraph two of the syllabus.