OPINION
[¶ 1] Defendants-appellants, Robert and Karen White, appeal from a judgment entry of the Carroll County Common Pleas Court in aid of execution of a previous judgment quieting title to a tract of land in favor of plaintiffs-appellees, Purl and Ruth Ann Tinlin.
[¶ 2] The origins of this case began with a dispute over the location of the boundary line dividing property owned by each of the parties.[1] Appellees acquired title to 1.07 acres of land in 1960 and to an additional 3.75 acres in 1974. Appellees purchased both parcels from the same seller. Appellants acquired title to adjacent property in 1992. Prior to any parties' acquisition of their respective allotments, the predecessors in title to each parcel constructed a fence along the purported boundary line. Appellees alleged that the predecessors in title agreed more than thirty years prior that this fence was constructed on the dividing line between the properties. Appellees claimed that they relied on this agreement when they constructed a barn which they believed to be situated entirely on their own property. In July of 1992, appellants had a survey done which revealed that the fence and appellees' barn actually encroached onto appellants' property.
[¶ 3] On October 7, 1992, appellants filed suit against appellees seeking injunctive relief and damages and further seeking that the court order appellees to remove the barn and the fence. However, the suit was dismissed without prejudice by joint stipulation of the parties.
[¶ 4] On April 28, 1993, appellees filed a complaint against appellants seeking a declaratory judgment. Appellees alleged that appellants removed the old fence and erected another along the boundary line as determined by their survey. Appellees requested that the court determine the boundary line and order appellants to remove the new fence and relocate it either to the location of the old fence or to some other boundary line as the court may establish. Appellees also requested that the court restrain appellants from harassing appellees and that appellants be ordered to remove the "No Trespassing" signs they allegedly placed upon the barn.
[¶ 5] On June 28, 1993, with leave of the court, appellants filed an answer and counterclaim to appellees' complaint. In their answer, appellants admitted that they agreed to dismiss their prior claim and that they removed the old fence and erected a new one based on their survey. Appellants also admitted that they constructed this fence against the barn and that they requested that appellees keep their horses away from the fence. Appellants denied all other averments in the complaint.
[¶ 6] In their counterclaim, appellants alleged that the old fence was constructed without their permission or the permission of any predecessor in title. Appellants also alleged that no agreement existed that the old fence established the boundary between the properties. Appellants requested that the court adopt the boundary lines as determined by their survey and order that the barn, or that part of the barn encroaching on their property, be removed. Appellants also requested relief from alleged harassment and from interference with quiet enjoyment of their land, claiming that appellees were dumping manure onto property claimed by appellants. Appellees did not file an answer to appellants' counterclaim.
[¶ 7] On October 6, 1993, the parties filed an Agreed Judgment Entry granting appellees leave to file an amended complaint and granting appellants leave to file an amended answer and counterclaim. On that date, appellees filed an amended complaint which alleged that the predecessors in title to all of the parcels had constructed the fence on what was then agreed to be the dividing line between the parcels and that the appellees have owned at least a portion of their property in excess of thirty years. The amended complaint also alleged that the parties' predecessors in title recognized the old fence line as the accepted boundary between the properties for a period in excess of thirty years. Appellees also claimed that a survey conducted in July 1992 revealed only slight variations from the accepted boundary line, including an irregularity of approximately five feet where the barn is located. The amended complaint further alleged that the new fence was constructed against the barn in a manner which denied appellees access around their barn. Appellees requested that the court establish the rights of the parties with respect to the properties, that it establish a dividing line between the parcels and provide any other necessary relief. Appellants did not answer the amended complaint within the statutory time period, as required in the Agreed Judgment Entry, filed October 6, 1993.
[¶ 8] On November 3, 1993, the court filed a judgment entry, signed by counsel for both parties, stating that the parties had settled the matter and setting forth the terms of the settlement. The entry dismissed the case in its entirety with prejudice.
[¶ 9] On February 3, 1995, appellants notified the court in writing that they had neither authorized nor had any notice of the settlement. Appellants also alleged that the judgment entry was based upon fraudulent information which their attorneys provided to the court. Appellants subsequently retained new counsel and moved for relief from judgment under Civ.R. 60(B)(5), which was denied by the trial court. Upon appeal to this court, Tinlin v. White (May 15, 1996), 7th Dist. No. 653 we reversed, finding that the lower court abused its discretion in denying appellants' motion. This court remanded the matter for further proceedings.
[¶ 10] Upon remand, a bench trial was scheduled for December 6, 1996. On that date, counsel for appellants filed a motion for leave to file an answer to the amended complaint. The motion did not set forth any reasons why the answer was late or why the court should grant leave. The trial court denied the motion. At trial, appellants' counsel orally noted for the record that appellees never filed a reply to appellants' counterclaim in the original complaint. Accordingly, appellants orally requested judgment on this counterclaim. After permitting counsel for both parties to proffer remarks for the record, the trial court took the matter under advisement.
[¶ 11] In its Opinion and Judgment Entry dated January 27, 1997, the trial court found that by filing an amended complaint, appellees abandoned the averments contained in their original complaint, which thereby required appellants to answer the amended complaint. The court also denied appellants' motion for leave to answer the amended complaint, stating that appellants offered no proof of excusable neglect which is necessary by rule for leave to be granted. Since appellants did not answer the amended complaint, the trial court accepted as true the facts as contained within it. Thus, the trial court found in appellees' favor both on their amended complaint and as to appellants' original counterclaim. The court declared the old fence line as it existed prior to appellants' 1992 survey to be the boundary line between the properties.
[¶ 12] Appellants appealed that decision to this court and we affirmed. See Tinlin v. White (Sept. 20, 1999), 7th Dist. No. 680. After our decision, on September 23, 1999, the trial court ordered appellants to reconstruct and relocate their fence line to conform to the pre-1992 boundary line. On October 1, 1999, appellants filed a motion for clarification of the fence line relocation, adjudication of which was delayed by their then pending motion for reconsideration before this court. This court subsequently denied reconsideration. See Tinlin v.White (Nov. 5, 1999), 7th Dist. No. 680.
[¶ 13] On October 21, 1999, appellants filed a "notice of compliance" with the trial court. On November 9, 1999, the trial court instructed appellees to advise the court as to the accuracy of the line fence relocation performed by appellants. On November 19, 1999, appellees advised the court that the fence was not correctly relocated. The court convened a status conference on December 30, 1999. Appellants agreed that they would have their surveyor, R.J. Swearingen (Swearingen), meet with the court to review the relocation, prepare a new survey, and set marker pins.
[¶ 14] After several attempts to meet with Swearingen failed, the court was advised in April 2000 that he had discontinued his survey business in the area. In May 2000, appellants obtained the services of another surveyor, Ronald L. Smith (Smith), to perform the necessary work. After Smith failed to do the work, the court sua sponte, on August 25, 2000, appointed Carroll County Surveyor and Assistant County Engineer Randy E. Hull (Hull) to perform the necessary survey work. Hull completed the work in October 2000 and forwarded the survey and description of a 0.120 tract.
[¶ 15] On January 10, 2001, the trial court filed a judgment entry in aid of execution of its previous January 27, 1997 judgment. The court ordered appellants to reconstruct the line fence according to the survey performed by Hull and quieted title to the 0.120 acre tract in favor of appellees. Appellants appealed that decision to this court and we affirmed. See Tinlin v. White, 7th Dist. No. 01 AP 0754, 2001-Ohio-3442. After our decision, on November 13, 2001, the trial court filed another judgment entry in aid of execution of the judgment and orders of the court entered on January 10, 2001. The court again ordered appellants to reconstruct the line fence according to the survey performed by Hall no later than December 10, 2001.
[¶ 16] On December 21, 2001, the court filed another judgment entry in aid of execution of the judgment and orders of the court entered on January 10, 2001. The court noted that appellants had reconstructed the fence, but with the wrong material. The court gave appellants to January 20, 2002, to properly reconstruct the fence.
[¶ 17] On January 10, 2002, appellants, proceeding pro se, filed a motion for declaratory judgment. In the motion, appellants took issue with the location of the fence and advanced principally the same arguments they had during the pendency of their case in chief. That same day, appellants also filed a notice of appeal of the trial court's December 21, 2001 judgment entry which is the subject of the present appeal.
[¶ 18] On January 15, 2002, the trial court overruled and denied appellants' motion for declaratory judgment. The court noted quite appropriately that, at best, appellants' motion could only be construed as a motion for reconsideration which is a procedural nullity. The court added that final judgment had been entered five years ago and that any attempt to raise new issues is barred by the doctrine of res judicata and/or mootness.
[¶ 19] On February 25, 2002, the trial court filed a judgment entry indicating that appellants had finally reconstructed the fence in a proper manner and in compliance with the court's previous orders. Notably, appellants' compliance came after the January 20, 2002 deadline set by the court in its December 21, 2001 judgment entry and after appellees filed a motion for contempt.
[¶ 20] In an attempt to bring closure to the case, the trial court, on February 26, 2002, declared appellants to be vexatious litigators.
[¶ 21] In the present appeal (of the trial court's December 21, 2001 judgment entry in aid of execution of the judgment and orders of the court entered on January 10, 2001), appellants, continuing to proceed pro se, raise eight assignments of error.
[¶ 22] Appellants' first seven assignments of error state respectively:
 [¶ 23] "The lower court abused its discretion by answering plaintiffs October 6, 1993 Amended Complaint for the defendants White after denying defendant's White leave to file their answer. (Opinion and Judgment Entry of Jan. 27, 1997 T.O.P. 18 lines 1, 2, 3, 4, 5, 6.)"
 [¶ 24] "The lower court erred and entered into a malicious bia's [sic] by answering for the defendant's White (Error I) and not answering for Plaintiffs Tinlin. (Opinion and Judgment Entry of Jan. 27, 1997 T.O.P. 16 lines 1, 2, 3, 4, 5, 6, 7, 8, 9.)"
 [¶ 25] "The lower court erred by picking out parts of if the defendants White 1992 survey that were not stated or described in any deed or completed survey on record. (Opinion and Judgment Entry of Jan. 27, 1997, B.O.P. 18(E)"
 [¶ 26] "The lower court erred by stating the Pre 1992 fence was an agreed property line, and had been there for 21 years. (Opinion and Judgment Entry of Jan. 27, 1997, T.O.P. 19(F)(G)(H).)"
 [¶ 27] "The lower court erred by stating that the manure pile is on the Tinlin property by Judgment, it is on the White property and is a damage to the White property. (Opinion and Judgment Entry M.O.P. 19 lines 15, 16, 17, 18, 19, 20.)"
 [¶ 28] "The lower court erred by not recognizing and acting on the sworn statement of facts in the court ordered November 14, 1997 deposition of Plaintiff Purl Tinlin, which was ordered given after the courts Jan. 27, 1997 Opinion and Judgment Entry. (December 4, 1997 filed Deposition of Purl Tinlin, Page 52 lines 22, 23, 24, 25, Page 53 lines 1, 2, 3, 4, 5, 6.)"
 [¶ 29] "The lower court erred by not admitting to and recognizing the involvement of a third party in the property line in a notice filed by defendant White's on Dec. 21, 2001 T.O.P. lines 4, 5, 6.)"
 [¶ 30] On February 25, 2002, the trial court filed a judgment entry indicating that appellants had finally reconstructed the fence in a proper manner and in compliance with the court's previous orders. Therefore, the December 21, 2001 judgment entry in aid of execution and the previous judgment entries upon which it was based have been satisfied. "It is a well-established principle of law that a satisfaction of judgment renders an appeal from that judgment moot." Blodgett v.Blodgett (1990), 49 Ohio St.3d 243, 245. Consequently, in this case, since the appealed judgment has already been fully satisfied prior to the disposition of this appeal, the merits of appellants' first seven assignments of error have been rendered moot.[2]
 [¶ 31] Appellants' eighth and final assignment of error states:
 [¶ 32] "The lower court erred by not granting or answering the Motion for a Declaratory Judgment filed by defendants White on January 10, 2002. (Judgment Entry of Jan. 15, 2002 T.O.P. 2, lines 1 through 17.)"
 [¶ 33] Appellants did not appeal the trial courts' January 15, 2002 judgment entry denying and overruling appellants' "motion for declaratory judgment." Consequently, the merits of this assignment of error cannot be addressed in the present appeal.[3]
 [¶ 34] Therefore, it is the order of this court that the instant appeal is hereby dismissed.
Vukovich and Waite, JJ., concur.
[1] A large portion of the facts and procedural history recited herein are borrowed verbatim from this court's decisions in Tinlinv. White (Sept. 20, 1999), 7th Dist. No. 680 and Tinlin v. White, 7th Dist. No. 01 AP 0754, 2001-Ohio-3442.
[2] Additionally, the issues raised in appellants' first seven assignments of error are res judicata, because they were or could have been raised in appellants' previous appeals, Tinlin v. White (May 15, 1996), 7th Dist. No. 653; Tinlin v. White (Sept. 20, 1999), 7th Dist. No. 680; Tinlin v. White, 7th Dist. No. 01 AP 0754, 2001-Ohio-3442. SeeRogers v. Whitehall (1986), 25 Ohio St.3d 67, State v. Perry (1967),10 Ohio St.2d 175.
[3] Even if appellants' motion were liberally construed as a motion for reconsideration or motion for relief from judgment, the substantive arguments made in the motion do not merit reversal. Each of the issues raised in the motion and the arguments made in support could or should have been raised in previous pleadings or appeals and therefore are barred by the doctrine of res judicata.