OPINION
{¶ 1} Plaintiff-appellant Ronald E. Moton, Sr. appeals the March 6, 2003 Judgment Entry entered by the Richland County Court of Common Pleas which overruled his motion to re-open the case. Defendant-appellee is the Ford Motor Credit Company.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On May 8, 1996, appellant entered into a finance agreement with appellee for the purchase of a 1996 Lincoln Town car. Under the agreement, appellant was required to pay appellee sixty consecutive monthly payments of $799.64. Appellant repeatedly defaulted on his car payments. In May, 2000, appellee decided to repossess the automobile and contracted with Skipco to do the repossession.[1] [On May 10, 2000, Vernon Christian, a Skipco employee, proceeded to appellant's residence to repossess the automobile. After Christian advised appellant of his purpose, an altercation ensued. Christian retreated to his tow truck and called 911. Christian did not complete the repossession.
 {¶ 3} On May 22, 2000, appellant filed a complaint, captioned "Illegal Trespassing and Seeking Compensation and Damages," in the Richland County Court of Common Pleas. Appellant named appellee, its general manager, Skipco, and Vernon Christian as defendants.
 {¶ 4} Following a two-day hearing, the magistrate recommended appellant turn over the automobile to appellee. Appellant filed an objection to the magistrate's decision, which the trial court overruled. The trial court granted summary judgment in favor of appellee's general manager. The trial court also granted summary judgment in favor of appellee based upon appellant's failure to make the required payments under the finance agreement. The trial court further found Skipco was an independent contractor; therefore, appellee could not be liable for the alleged tortious acts of Skipco.
 {¶ 5} Appellant's claim of civil trespass against Skipco and Christian proceeded to a jury trial in March, 2001. Although the jury found in favor of appellant on the trespass claim, it chose not to award damages to appellant. Appellant appealed to this Court, which overruled each of his assignments of error and affirmed the trial court. Moton v.Ford Motor Credit Co. (Dec. 17, 2001), Richland App. No. 01CA4, unreported.
 {¶ 6} Appellant subsequently filed a Notice of Appeal with the Ohio Supreme Court which declined jurisdiction. On April 26, 2002, appellant filed a Motion for Reconsideration, which the trial court denied. On January 9, 2003, appellant filed a Request for Hearing and Reopening of the Case. The trial court overruled appellant's motion, finding he had appealed and argued each of the issues before this Court and the Ohio Supreme Court; therefore, he was not entitled to relitigate, reopen or reappeal the issues. The trial court memorialized its ruling via Judgment Entry filed March 6, 2003.
 {¶ 7} It is from this judgment entry appellant appeals, raising the following assignments of error:
 {¶ 8} "I. THE TRIAL COURT JUDGE IN HIS SUMMARY JUDGMENT DATED MARCH 2, 2001 SAID THAT THE APPELLEE WAS ENTITLED TO A SUMMARY JUDGMENT BECAUSE THE APPELLEE WAS NOT LIABLE FOR THE TORT THE INDEPENDENT CONTRACTOR, THOUGH THE REVISED CODE 1309.45 AND 1309.50 SAYS THAT, NOTE THE REMEDY IS AVAILABLE AGAINST THE CREDITOR EVEN IF THE CREDITOR DID NOT DO THE REPOSSESSION HIMSELF, BUT HIRES AN INDEPENDENT CONTRACTOR TO DO IT FOR HIM.
 {¶ 9} "II. THE OTHER ASSIGNMENT ERROR IS THAT THE APPELLANT RECEIVED A JURY VERDICT ON SKIPCO AND VERNON CHRISTIAN FOR BREACH OF PEACE UNDER SECTION 1309.45 AND A1309.50, THE FORD MOTOR CREDIT COMPANY, ET AL IS AUTOMATICALLY GUILTY BECAUSE THEY INITIATED THE REPOSSESSION. I DO NOT UNDERSTAND THE LOWER AND HIGHER COURT DOES NOT UNDERSTAND WHAT THE APPELLANT IS TRYING CONVEY TO THEM.
 {¶ 10} "III. THE APPELLANT SHOULD HAVE EVERY RIGHT TO THE LAW LIBRARY THAT IS NOW IN THE RICHLAND COUNTY BUILDING. IF THE COURT WOULD CHECK AROUND THE STATE, I AM ALMOST CERTAIN THAT THE CRAWFORD COUNTY LAW LIBRARY IS OPEN TO THE PUBLIC."
 I, II {¶ 11} In his first and second assignments of error, appellant again challenges the trial court's grant of summary judgment in favor of appellee as well as the jury verdict.
 {¶ 12} Res judicata is defined as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp., 73 Ohio St.3d 379,1995-Ohio-331, syllabus. Under Ohio law, "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit." Rogers v.Whitehall (1986), 25 Ohio St.3d 67, 69.
 {¶ 13} We find the doctrine of res judicata is applicable in the instant action. Appellant asserted the same arguments he asserts herein in his original appeal to this Court and we affirmed the trial court's decision. This Court thoroughly examined and analyzed each assignment of error. Under the doctrine of law of the case, appellant cannot resurrect these same arguments by merely requesting to reopen the case.
 {¶ 14} Appellant's first and second assignments of error are overruled.
 III {¶ 15} In his final assignment of error, appellant requests access to the Richland County Law Library. Appellant's request was not properly before the trial court. It was not incumbent upon the trial court to rule on appellant's request in order to determine appellant's request to reopen the case. We find the trial court did not err in failing to grant such request.
 {¶ 16} Appellant's third assignment of error is overruled.
 {¶ 17} The judgment of the Richland County Court of Common Pleas is affirmed.
By: Hoffman, P.J., Farmer, J., and Boggins, J. concur.
[1] Although a defendant in the underlying action, Skipco is not a party to this appeal.