DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Richard Sagert, appeals from the judgment of the Lorain County Court of Common Pleas which affirmed the denial of his right to unemployment compensation. This Court affirms.
 I. {¶ 2} Appellant was employed by Cleveland Quarries until August 22, 2002. On August 28, 2002, Appellant filed a pro se application for unemployment benefits, asserting that he was forced to leave his job because of health conditions created by hazards in the workplace. Appellee, Ohio Department of Job and Family Services ("ODJFS"), denied Appellant's claim, finding that he had quit without just cause. The Lorain County Court of Common Pleas affirmed the denial of Appellant's benefits and Appellant appealed to this Court. This Court dismissed Appellant's appeal (C.A. 03CA008347) when he failed to either pay the deposit for his appeal or file a notarized affidavit of indigency.
 {¶ 3} On January 16, 2004, Appellant again filed a pro se application for a determination of benefits. ODJFS and the Unemployment Compensation Review Commission ("Review Commission") determined that Appellant did not qualify for benefits. The trial court agreed that Appellant had not been employed for the required number of qualifying weeks for the period prior to his application. The trial court, therefore, affirmed the determination of ODJFS and the Review Commission. Appellant timely appealed from the trial court's judgment. For the sake of clarity, this Court has synthesized Appellant's assignment of error.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN AFFIRMING THE DETERMINATION BY ODJFS AND THE REVIEW COMMISSION WHICH FOUND THAT APPELLANT WAS NOT ENTITLED TO UNEMPLOYMENT BENEFITS."
 {¶ 4} In his brief, Appellant asserts that the trial court erred when it affirmed the decisions made by ODJFS and the Review Commission. Specifically, Appellant argues that the cause of his unemployment in 2002 was the result of health hazards in the workplace which justified him quitting his employment. This Court finds that Appellant's argument lacks merit.
 {¶ 5} We begin by noting that Appellant does not challenge the factual findings surrounding the denial of his benefits following his 2004 application. Further, it is undisputed that at the time of the filing of his January 16, 2004 application, Appellant did not qualify for unemployment benefits because he had not worked for the proper number of qualifying weeks. See R.C. 4141.282(Q)/(R). Rather than challenging the most recent denial of his benefits, Appellant seeks to relitigate ODJFS' 2002 determination that he quit without just cause. His oral argument before this Court focused almost entirely upon the working conditions which he alleged forced him to leave his employment.
 {¶ 6} This Court finds that res judicata bars Appellant's challenge to Appellee's 2002 determination that Appellant quit his job without just cause.
"It has long been the law of Ohio that `an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been
litigated in a first lawsuit.' (Emphasis added.) * * * The doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." (Emphasis sic.) National Amusements, Inc. v.Springdale (1990), 53 Ohio St.3d 60, 62, quoting Rogers v.Whitehall (1986), 25 Ohio St.3d 67, 69.
"Whether the original claim explored all the possible theories of relief is not relevant." Brown v. Dayton (2000),89 Ohio St.3d 245, 248. Rather, "the trend now is to view claims in terms of the facts underlying them." Schul v. Ely (Feb. 2, 2001), 2d Dist No. 18402, at *1.
 {¶ 7} It is undisputed that Appellant's first claim for benefits was denied in 2002. Appellant appealed that judgment to the trial court and subsequently to this Court. While this Court dismissed the appeal, such a dismissal does not permit Appellant to reargue the merits of ODJFS' decision in a subsequent action. Once this Court dismissed Appellant's first appeal, ODJFS' determination regarding Appellant's eligibility for benefits stemming from his decision to quit his job became final and cannot be collaterally attacked. Rogers, 25 Ohio St.3d at 69.
 {¶ 8} We recognize that Appellant has repeatedly expressed his frustration with the legal system, which he perceives as being unjust. Appellant has asserted on numerous occasions that he has not been given the opportunity to argue the merits of his case. We note, however, that after the denial of his benefits in 2002, Appellant was given the opportunity to raise his current arguments in the trial court. Further, those arguments could have been raised in this Court had Appellant properly perfected his first appeal. While Appellant asserts at length that the judicial process is unfair, he ignores that he was given numerous opportunities to properly present his arguments to numerous tribunals (ODJFS, the Review Commission, the trial court, and this Court). While these tribunals may not have reached the outcome desired by Appellant, he cannot deny that he was given an adequate opportunity to present his arguments. As noted above, however, this appeal is not the proper avenue for Appellant to again raise arguments from his 2002 application. While we recognize that Appellant appeared without counsel at each of the proceedings below, pro se litigants are held to the same standard as those represented by counsel. State ex rel. Fuller v.Mengel, 100 Ohio St.3d 352, 2003-Ohio-6448, at ¶ 10. While we sympathize with Appellant, we cannot disregard the law. Accordingly, Appellant's sole assignment of error is overruled.
 III. {¶ 9} Appellant's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J., Carr, J., Moore, J., concur.