OPINION
{¶ 1} This is an appeal by plaintiff-appellant, Rowena J. Stacy, from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch overruling appellant's objections to a magistrate's decision finding her claim for past child support barred by the doctrine of res judicata, adopting and approving the magistrate's decision, and entering judgment dismissing the action. For the reasons that follow, we affirm. *Page 2 
 {¶ 2} On September 24, 1999, appellant filed her complaint to establish the father-child relationship between appellee and appellant's ten-year-old daughter, demanding that the court set reasonable child support as of the date of the child's birth, as well as costs, legal expenses and other relief. The parent-child relationship was established by magistrate's decision entered December 7, 2000, a new birth certificate was ordered and the matter was continued. On January 10, 2001, the magistrate entered a temporary order for child support and payment of extraordinary medical expenses.
 {¶ 3} On August 10, 2001, the parties filed a memorandum of agreement on the court's form requesting an order adopting their agreement fixing child support and providing that prior support amounts could be determined later upon filing of an appropriate motion. Their agreement established parenting time for appellee and the child and provided for telephone and email contact.
 {¶ 4} The agreement called for submission of an agreed entry to be submitted by September 10, 2001 for approval by a judge. The agreement form warned the parties that the pending matters would be dismissed unless the entry journalizing the agreement was received by the court when due. No agreed entry was filed on September 10, 2001, and although the time for filing was then extended to a later date, an agreed entry was never filed.
 {¶ 5} Because no entry disposing of the matter was forthcoming, instead of dismissing the unresolved matters before the court, the magistrate ordered a hearing that was held May 10, 2002 attended by the parties and their counsel. The magistrate conducting the hearing entered a decision setting final child support as of January 10, 2001 and established visitation for appellee with the child. The magistrate's decision *Page 3 
does not address past due child support or past medical expenses. No issues were continued or reserved in the order for later hearing.
 {¶ 6} No objections to the magistrate's decision were filed and that decision was approved and adopted by the court which entered its judgment accordingly on June 20, 2002. The parties agree that this was a final order.
 {¶ 7} No appeal was taken. No other action was taken by any party until appellant's motion was filed January 27, 2006 seeking back child support dating from the birth of the child, May 16, 1989 until January 10, 2001 and for payment of birth medical expenses. The magistrate to whom the motion was assigned ruled that appellant's claims presented by her motion were barred by res judicata and entered a decision denying the motion on July 13, 2006. The court overruled appellant's objections to the magistrate's decision and adopted and approved that decision by judgment entered February 23, 2007 from which judgment this appeal is taken.
 {¶ 8} Appellant presents one assignment of error:
 The trial court erred by ruling that res judicata barred Appellant's claims for back support and birth expenses.
 {¶ 9} "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction * * * that was the subject matter of the previous action." Grava v.Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus.
 {¶ 10} Appellant acknowledges that the doctrine of res judicata bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action but contends that her current action is based on issues withdrawn from the court's consideration by the parties' agreement *Page 4 
before the magistrate's hearing was held and before the entry of the final judgment in the previous action. Appellant suggests that because the magistrate's entry does not refer to the issues of past support and birth expenses, those issues were not decided and thus were preserved for later determination.
 {¶ 11} However, the record is clear that no such reservation of issues was ever recognized by the court and entered in the record to preclude the finality of the judgment entered, whether arising from the parties' agreement or otherwise. Indeed, the failure to proffer an agreed entry as previously ordered prompted the magistrate to order a hearing to decide the outstanding issues the parties had not resolved by agreement. In his written decision in the matter before us, the trial judge noted that no transcript of the May 10, 2002 hearing was furnished for review of appellant's objections to dismissal. Presumably the magistrate ruled on all issues upon which evidence of any kind was presented.
 {¶ 12} The doctrine of res judicata not only bars all claims that were litigated in a prior action but also all claims which might have been litigated in that action. In Grava, the Supreme Court of Ohio reiterated its prior statement of the law made in Natl. Amusements, Inc. v.Springdale (1990), 53 Ohio St.3d 60, 62:
 * * * "It has long been the law of Ohio that `an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit'" (emphasis sic) (quoting Rogers v. Whitehall [1986], 25 Ohio St.3d 67, 69, 25 OBR 89, 90, 494 N.E.2d 1387, 1388). We also declared that "[t]he doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." Id.
Grava, at 382. *Page 5 
 {¶ 13} Here, appellant demanded recovery for past child support and birth medical expenses in her original complaint and could have litigated those claims at the May 10, 2002 hearing that resulted in final judgment in the action. Because the doctrine of res judicata bars the litigation of claims that were not but could have been litigated in the previous action, the trial court correctly applied the doctrine to dismiss the action and enter the judgment now appealed. Therefore, appellant's sole assignment of error is not well-taken.
 {¶ 14} For the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed.
Judgment affirmed.
BRYANT and SADLER, JJ. concur.
T. BRYANT, J., retired of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1