OPINION *Page 2 
{¶ 1} Defendant-appellant Ramon V. Banez appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, entered after remand from this court. Appellant assigns four errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED IN NOT COMPLYING WITH THE COURT OF APPEALS WHEN THE CASE WAS REMANDED TO THE LOWER COURT WITH A MANDATE FOR FURTHER PROCEEDINGS.
 {¶ 3} "II. THE TRIAL COURT ERRED IN DENYING THE COMPLETE MOTION FOR RELIEF OF JUDGMENT UNDER CIVIL RULE 60 B, (4) AND (5).
 {¶ 4} "III. THE TRIAL COURT ERRED IN ITS FAILURE TO DISTINGUISH WHAT IS MARITAL FROM SEPARATE PROPERTY.
 {¶ 5} "IV. THE TRIAL COURT ERRED IN ITS FAILURE TO UNDERSTAND AND IMPLEMENT THE REPORT OF THE PENSION EVALUATOR REGARDING THE PENSION OF THE APPELLANT."
 {¶ 6} The record indicates the parties were married in 1981, and the trial court granted a divorce on June 26, 2006. Appellant appealed the court's original order of divorce, division of marital property, and spousal support to this court. In Banez v. Banez, Stark App. No. 2006-CA-00216, this court affirmed the trial court's judgment in part, but reversed its finding that certain annuities and life insurance policies were marital property. This court remanded the matter back to the trial court to reallocate the parties' assets based upon our determination the annuities and life insurance policies were appellant's separate property. The Supreme Court declined to review the case. *Page 3 
 {¶ 7} Thereafter, in July of 2008, the trial court issued a judgment entry reallocating the parties' assets. Appellee filed a "motion nunc pro tunc" to correct a clerical error made by the court. The court converted the motion to a motion for relief from judgment pursuant to Civ. R. 60 (B). Appellant also filed a Civ. R. 60 (B) motion, citing the clerical error, but also seeking relief on the merits. The trial court issued a judgment entry on August 19, 2008, sustaining appellee's motion and correcting its clerical error, but overruling the balance of appellant's motion for relief from judgment.
 {¶ 8} Civ. R. 60(B) provides: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."
 {¶ 9} To prevail on a motion brought pursuant to Civ. R. 60 (B) a party must show (1) the existence of a meritorious defense, (2) entitlement to relief under one of the *Page 4 
grounds set forth in the rule, and (3) that the motion is timely filed.GTE Automatic Electric, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146.
 I {¶ 10} Appellant's first assignment of error asserts the trial court did not comply with our directive on remand. Essentially, appellant argues our remand vacated the trial court's opinion, and returned all of the financial issues to the trial court, permitting it to revisit its findings in regard to ownership and value of the assets. Appellant is incorrect.
 {¶ 11} In our prior opinion, we stated "[w]e overrule the assignment of error with regard to the real property, but reverse the trial court's determination with respect to the annuities and life insurance."Banez I, at paragraph 319.
 {¶ 12} The trial court made specific findings of fact and recalculated the net marital estate, omitting those assets we had found to be appellant's separate property. The court adjusted its division of marital assets accordingly, and specifically found its division of the marital estate was fair and equitable.
 {¶ 13} Our review of the trial court's judgment leads us to conclude the court fully complied with our limited remand. The first assignment of error is overruled.
 II, III, IV {¶ 14} In his second assignment of error, appellant argues the court should have sustained his motion for relief from judgment in full. The third assignment of error urges the court's determination that other assets are marital property is in error. Appellant's fourth assignment of error challenges the court's treatment of appellant's pension.
 {¶ 15} The trial court found appellant's motion for relief was untimely, and we agree. An existing final judgment or decree between the parties to litigation is *Page 5 
conclusive as to all claims which were or might have been litigated in the first lawsuit, Grava v. Parkman Township (1995), 73 Ohio St. 3d 379,653 N.E. 2d 266, citing Rogers v. Whithall (1986), 25 Ohio St. 3d 67,494 N.E. 2d 1387. In Banez I, this court affirmed the trial court's valuation and distribution of assets with the exception of certain property. The matter is res judicata except as to the issues specifically remanded.
 {¶ 16} The second, third, and fourth assignments of error are overruled.
 {¶ 17} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is affirmed.
 Gwin, P.J., Farmer, J., and Wise, J., concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is affirmed. Costs to appellant. *Page 1