[Cite as *Quinn v. Ohio State Hwy. Patrol*, 2009-Ohio-6075.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

AARON M. QUINN

   Plaintiff

   v.

THE OHIO STATE HIGHWAY PATROL

   Defendant
   Case No. 2007-05474

Judge Joseph T. Clark

## ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

{¶ 1} On August 11, 2009, defendant filed a motion for summary judgment pursuant to Civ.R. 56(C). On August 24, 2009, plaintiff filed a response. On September 29, 2009, the court held an oral hearing on the motion.

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit County*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean*

*United, Inc.* (1977), 50 Ohio St.2d 317.

**{¶ 4}** Plaintiff was employed by defendant as a sergeant and his duties included assignments in a Ford Crown Victoria patrol car. Plaintiff asserts that the interior of the patrol car that was assigned to him was reconfigured such that the installation of a protective cage and an overhead shotgun rack reduced the headroom in the front of the vehicle. Plaintiff, who is six feet, ten inches tall, avers that the modifications to his assigned vehicle restricted his movement and prevented him from sitting in an upright position while on patrol. Plaintiff sought treatment from a chiropractor after he began to experience pain in his neck and back which he attributed to the confining conditions of the patrol car. In October 2005, plaintiff requested that modifications to the vehicle be made as an accommodation for his "disability." Plaintiff alleges that defendant failed to accommodate such disability, which resulted in the termination of his employment by involuntary disability retirement.

**{¶ 5}** Defendant asserts that plaintiff's claim is precluded by the doctrine of res judicata, based upon the outcome of a case that plaintiff filed in federal court under the Americans with Disabilities Act, 42 U.S.C. Section 12101 et seq. (ADA).

**{¶ 6}** Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 1995-Ohio-331, syllabus. "[O]nce [a] jurisdictional issue has been fully litigated and determined by a court that has authority to pass upon the issue, said determination is res judicata in a collateral action and can only be attacked directly by appeal." *Citicasters Co. v. Stop 26-Riverbend, Inc.*, 147 Ohio App.3d 531, 2002-Ohio-2286, ¶33, quoting *Squires v. Squires* (1983), 12 Ohio App.3d 138, 141.

**{¶ 7}** Defendant has attached to its motion a copy of both the complaint that plaintiff filed in federal court and the accompanying opinion in Case No. 2:07-CV-00187-

NMK, which addressed the disability discrimination claim alleged by plaintiff in that case. The federal court entered summary judgment against plaintiff on that claim, finding that plaintiff failed to establish a prima facie case of disability discrimination under the ADA. *Quinn v. Ohio State Highway Patrol* (Sept. 25, 2008), S.D. Ohio No. 2:07-CV-00187-NMK.

{¶ 8} It was stated in *Canady v. Rekau & Rekau, Inc.*, Franklin App. No. 09AP-32, 2009-Ohio-4974, ¶32 that:

{¶ 9} "Given the similarity between the ADA and Ohio disability discrimination law, Ohio courts look to regulations and cases interpreting the federal act when deciding cases including both federal and state disability discrimination claims."

{¶ 10} In his response to defendant's motion, plaintiff asserts that the federal court failed to correctly address all of the factual and legal issues presented by his disability claim. However, whether plaintiff's original action explored all possible theories of relief is not relevant. "It has long been the law of Ohio that 'an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit.' * * * The doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." *Natl. Amusements, Inc. v. Springdale* (1990), 53 Ohio St.3d 60, 62, quoting *Rogers v. Whitehall* (1986), 25 Ohio St.3d 67, 69.

{¶ 11} Furthermore, the doctrine of res judicata "'applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action (1) To present evidence or grounds or theories of the case not presented in the first action, or (2) To seek remedies or forms of relief not demanded in the first action.'" *Grava*, supra, at 383, quoting 1 Restatement of the Law 2d, Judgments (1982) 209, Section 25.

{¶ 12} Upon review, the court finds that the facts alleged in plaintiff's complaint arise out of the occurrence that was the subject matter of the case which he filed in federal court. Accordingly, the court finds that the doctrine of res judicata bars plaintiff's

claims in this case.  Consequently, there are no genuine issues of material fact and defendant is entitled to judgment as a matter of law.  Defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
JOSEPH T. CLARK
Judge

cc:

Naomi H. Maletz                    Aaron M. Quinn
Susan M. Sullivan                  13 Pleasantview Drive
Assistant Attorneys General        Jackson, Ohio 45640
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

AMR/cmd
Filed November 3, 2009
To S.C. reporter November 17, 2009