OPINION
{¶ 1} This is an appeal by defendant-appellant, Jeffery P. O'Connor, from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations entered February 27, 2007, overruling appellant's objections to a magistrate's decision, adopting and approving the magistrate's decision, and entering judgment finding appellant to be in contempt of court for failing to maintain dental insurance, failing to pay other expenses as previously ordered by the court, and establishing terms by which appellant may purge himself of contempt. For the reasons that follow, we affirm.
 {¶ 2} Appellant's four assignments of error set forth hereafter address objections to the magistrate's findings presented to and overruled by the trial court. *Page 2 
 {¶ 3} Both appellant and appellee, in their briefs, seek to advance views explaining "the history" of the parties' intentions and agreements before and during the proceeding on appeal. However, for purposes of this appeal, "the history" of the case is found only in the written record and the prior orders entered in the record by the courts as the issues have been raised, decided, appealed, reversed or affirmed. Judgments that have been appealed and affirmed may no longer be challenged in this appeal. Likewise, judgments and orders that might have been but were not timely appealed within the rules stand forever fixed in the record by which this court, the courts below, and the parties are bound. Orders subject to judicial modification must be obeyed until they have been modified in the due course of the law.
 {¶ 4} The doctrine of res judicata provides that "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp. (1995),73 Ohio St.3d 379, syllabus. In Grava, the court stated that the doctrine of res judicata bars not only subsequent actions involving the same legal theory of recovery as the previous action, but also claims which could have been litigated in the previous action:
 * * * "It has long been the law of Ohio that `an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit'" (emphasis sic) (quoting Rogers v. Whitehall [1986], 25 Ohio St.3d 67, 69, 25 OBR 89, 90, 494 N.E.2d 1387, 1388). We also declared that "[t]he doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." Id.
Id. at 382, quoting Natl. Amusements, Inc. v. Springdale (1990),53 Ohio St.3d 60, 62. *Page 3 
 {¶ 5} The judgment from which this appeal is taken was entered February 27, 2007. The trial court's decision discloses the facts and prior judgments of the court pertinent to this appeal.
 {¶ 6} The matter originates with the entry of a decree June 8, 1998 incorporating an agreed joint shared-parenting plan and ordering appellant to maintain group major medical and dental insurance for the parties' children as available through his employment, with the portion of such expenses not reimbursed by insurance to be borne equally by appellant and appellee. No appeal was taken from this decree.
 {¶ 7} Subsequent agreements and related judgment entries in 2002 through 2004 modified the terms of the shared-parenting agreement, increased child support, and apportioned and ordered reimbursements of the costs of the children's extracurricular and school-related activities. No appeal was taken from those judgments.
 {¶ 8} On January 16, 2004, appellee filed a motion to modify child support and the provision regarding the sharing of expenses. She also filed a motion for contempt against appellant for failing to provide dental insurance coverage for the children and failing to comply with other provisions in the shared-parenting plan.
 {¶ 9} The magistrate reiterated the prior order that appellant was required to carry dental insurance for the children. The magistrate's order realigned, reallocated and reapportioned the parties' shares to be paid of uncovered unreimbursed medical, reallocated and reapportioned the parties shares to be paid of extracurricular and school related expenses, reasonable and necessary educational fees and educational supplies for school, and all reasonable and necessary activity expenses (school, extracurricular or otherwise). These and other modifications to the parties' sharing of expenses for the *Page 4 
rearing, education and clothing of their children were ordered to be effective the date of appellee's motion, January 16, 2004.
 {¶ 10} With respect to appellee's motion for contempt, the magistrate found appellant in contempt for failing to maintain dental insurance for the children. A three-day jail sentence was suspended on the condition that appellant purge his contempt by: (1) obtaining dental insurance within 60 days of the filing of the decision; (2) paying appellee $177 by December 31, 2004; (3) reimbursing appellee for all of her cost to continue carrying dental insurance from May 1, 2004 until the time appellant obtained coverage; and (4) paying appellee $85 by December 31, 2004 for her costs in bringing the action. No appeal was taken from this judgment.
 {¶ 11} On May 2, 2005, appellee filed a second motion for contempt against appellant for failing to comply with the orders regarding child support, the allocation of the activity and medical expenses incurred after January 16, 2004, and the order to obtain dental insurance coverage for the children. On the same day, she also filed a motion to reallocate parental rights and responsibilities.
 {¶ 12} The magistrate found that appellant was in contempt for failing to maintain dental insurance for the children. Because this was the second finding of contempt on the issue of dental insurance, appellant was sentenced to 14 days in jail and ordered to pay appellee's attorney fees, costs and expenses incurred for bringing that portion of the contempt motion. He was allowed to purge his contempt by: (1) obtaining dental coverage within 90 days of the filing of the decision; (2) paying all of the out-of-pocket dental and orthodontic costs that were presented at the hearing by either parent; (3) continuing to pay all of the out-of-pocket dental and orthodontic expenses incurred until *Page 5 
he obtains dental insurance; and (4) paying appellee $1,200 by October 1, 2006 for her costs and expenses for bringing this part of her contempt motion.
 {¶ 13} Appellant was also found in contempt for failing to pay school, activity and medical expenses. He was sentenced to 14 days in jail and ordered to pay appellee $1,800 for attorney fees. He was ordered to purge his contempt by paying appellee $1,346.87 for the unpaid expenses, and $1,800 in attorney fees by September 30, 2006. The magistrate granted appellee's motion to modify the allocation of parental rights and responsibilities and modified the terms of the court's prior orders regarding the sharing of expenses.
 {¶ 14} Appellant, in a belated filing, objected to the magistrate's finding him in contempt on the issues of his providing dental insurance and the payment of school, activity and medical expenses and objected further to the findings categorizing certain expenses and offsets to them, alleging finally that the decision was biased toward appellee.
 {¶ 15} The trial court considered appellant's objections pursuant to Civ. R. 53(D)(4)(d), and after independent review, determined there was no error of fact or law in the magistrate's decision and overruled all of appellant's objections.
 {¶ 16} When reviewing a trial court's disposition of objections to a magistrate's report, we will not reverse the trial court's decision if it is supported by some competent, credible evidence. Seasons Coal Co.v. Cleveland (1984), 10 Ohio St.3d 77, 80. Our review of the trial court's findings is limited to whether the trial court abused its discretion in adopting the magistrate's decision. State ex rel. Duncanv. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 730. *Page 6 
 {¶ 17} Appellant assigns error of the trial court in four respects.
 FIRST ASSIGNMENT OF ERROR:
 The trial court erred in finding the Defendant in contempt by determining that a Health Savings Account (HSA) does not satisfy the dental insurance provision of his Decree.
 {¶ 18} Appellant's first assignment of error mistakes or misstates the basis of the trial court's finding of contempt. The trial court found as fact that appellant had not maintained dental insurance for the benefit of his children as he was previously ordered to do. That fact is not disputed. Therefore, appellant's evidence and arguments citing his attempts to provide for the children's dental needs by means other than by insurance are unavailing, irrelevant, and nothing more than an attempt to amend the parties' original parenting agreement while ignoring the initial and intervening judgments on the matter of requiring insurance for the payment of the children's dental care. Because the evidence in the record otherwise supports the finding of the trial court, appellant's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR:
 The trial court abused its discretion in issuing a purge order requiring the Defendant to pay orthodontia expenses by determining that orthodontia is included in dental insurance.
 {¶ 19} Appellant's second assignment of error also mistakes or misstates the basis of the trial court's finding, for clearly, the trial court did not determine or imply that orthodontia is included in dental insurance. When viewing the trial court's purge order in its actual form and context absent misunderstanding or skewed logic, appellant's arguments premised upon the mistaken basis of judgment are irrelevant and to no avail. Contrary to the assertions of the assignment of error and appellant's supporting *Page 7 
arguments, the purge order requiring appellant to pay certain orthodontia expenses of the children does not arise from a determination of the trial court that orthodontia is included in dental insurance coverage. Rather, the court having ascertained a long-standing need of the children for orthodontia, ordered that appellant could purge himself of the second finding of contempt on the subject of dental insurance, by obtaining dental insurance within 90 days and paying all the "out-of-pocket dental and orthodontic costs" already incurred and to be incurred as indicated, including reimbursements to appellee, and paying other costs and expenses, thus avoiding a term of 14 days in jail as ordered.
 {¶ 20} Apparently, appellant posits that orthodontia is not insurance as his premise for the proposition that orthodontia for the children is an extraordinary medical expense required by statute to be apportioned between the parents considering their respective child-support obligations, and therefore the judgment requiring him to pay 100 percent of the expense is erroneous. The record discloses, however, that the court apportioned extraordinary medical and other expenses when originally entering and later revising the child-support orders. However, the purge order in question was not entered as a child-support order but is a short-term alternative to incarceration in consequence of the court's finding of contempt for appellant's failure to obey the court's orders. We find no abuse of discretion by the trial court in its entry of the purge order of which appellant has complained. The second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR:
 The trial court erred in not accounting for a portion of the Defendant's expenses through the application of res judi-cata. *Page 8 
 {¶ 21} In his third and fourth assignments of error, appellant challenges the trial court's admission, exclusion, and weighing of the evidence upon which the court based its findings and judgment finding him to be in contempt for failing to pay school, activity and medical expenses, modifying the allocation of parental rights and responsibilities and modifying the terms of the court's prior orders regarding the sharing of expenses.
 {¶ 22} At the hearing before the magistrate in November, 2005, upon the issues of appellant's failure to pay school, activity and medical expenses, appellant offered evidence of expenses incurred prior to February 12, 2003, the date fixed by the court's prior judgment adjusting and settling the payments to be made to and received by the parties between themselves for relevant expenses incurred up to that date.
 {¶ 23} The trial court found the evidence it excluded to be barred by the doctrine of res judicata because the expenses had been incurred and could have been introduced at the prior hearing that resulted in the judgment effective in 2003.
 {¶ 24} Appellant claims the court misapplied the doctrine of res judicata because the evidence, although existing, was not offered or considered in 2003.
 {¶ 25} We find appellant's argument to be without merit. The trial court correctly observed that:
 "[A]n existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit." Rogers v. Whitehall (1986), 25 Ohio St.3d 67, 69, 494 N.E.2d 1387. Res judicata encompasses both claim preclusion and issue preclusion. Gerstenberger v. Macedonia, et al. (1994), 97 Ohio App.3d 167, 172, 646 N.E.2d 489. School and activity expenses were the subject of Jeffrey's contempt motion filed on February 12, 2003. The motion was determined by an Agreed Entry and a Magistrate's decision. According to Jeffrey's own testimony, the expenses listed in Defendant's Exhibit B were incurred prior to February 12, 2003. See Tr. at 155. Even if the *Page 9 
specific expenses in Defendant's Exhibit B were not presented at the earlier hearing, they could have been, and, therefore are barred by res judicata.
(Feb. 27, 2007 Decision and Entry, at 8.) We agree. As stated above, inGrava, supra, the court stated that the doctrine of res judicata bars not only subsequent actions involving the same legal theory of recovery as the previous action, but also claims which could have been litigated in the previous action. Appellant's third assignment of error is overruled.
 FOURTH ASSIGNMENT OF ERROR:
 The trial court abused its discretion in not accounting for a portion of the Defendant's expenses despite the weight of Defendant's testimony.
 {¶ 26} Appellant's fourth assignment of error is somewhat confusing, but considering the argument set forth in his brief, apparently he complains because the court, by accepting the magistrate's report, did not accept into evidence and consider undated invoices for expense items claimed and did not credit appellant's testimony favorably for appellant about certain other expenses said to have been paid but which were unsupported by admissible documentary evidence. The magistrate also received appellee's testimony disputing the accuracy of appellant's verbal claims when determining the weight, if any, to be given appellant's testimony. Such determinations of credibility and the weight to be given to the evidence are for the trier of fact. State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Where, as here, there is some competent, credible evidence supporting the trial court's findings, including those factors considered by the trial court in assessing credibility of witnesses and evidence, we find no *Page 10 
abuse of discretion in the trial court's adoption of the magistrate's decision. Appellant's fourth assignment of error is overruled.
 {¶ 27} Having overruled all four of appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.
Judgment affirmed.
BRYANT and FRENCH, JJ., concur.
T. BRYANT, J., retired of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1