OPINION
{¶ 1} Appellant, Virginia I. Clagg, appeals the summary judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, regarding her petition for a domestic violence civil protection order against appellee, Bryan J. Clagg. On appeal, appellant contends that the trial court erred when it found that her petition was barred by the doctrines of res judicata and collateral estoppel because her petition was based on the same facts as a prior Licking County petition. Because we find that appellant's petition is based on different facts than her Licking County petition, we *Page 2 
agree. Accordingly, we reverse the judgment of the trial court and remand this cause to that court for further proceedings consistent with this opinion.
 I. {¶ 2} The parties married on September 18, 2004, and parented twin boys born to them on June 25, 2006. Appellee filed for divorce in Licking County on September 6, 2007. On November 16, 2007, appellant filed a Petition for Domestic Violence Civil Protection Order in the common pleas court of Licking County. The court issued an ex parte order of protection and held a hearing on November 26, 2007. The Licking County magistrate issued a decision and judgment entry dismissing the petition. The judgment entry also vacated its ex parte order of protection on March 11, 2007.
 {¶ 3} On March 12, 2008, appellant filed a Petition for Domestic Violence Civil Protection Order in the Franklin County Court of Common Pleas, Division of Domestic Relations. Appellee filed a motion to dismiss on the basis of res judicata and collateral estoppel. The trial court converted the motion to a motion for summary judgment. On June 6, 2008, the trial court granted appellee's motion for summary judgment, finding that appellant's Franklin County Petition for Domestic Violence Civil Protection Order was based upon the same facts as the Licking County petition and was thus barred by the doctrines of res judicata and collateral estoppel.
 {¶ 4} Appellant appeals and raises the following assignment of error:
 THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
 II. {¶ 5} Appellant contends in her sole assignment of error that her petition relies on different facts than her prior petition filed in another county. As a result, she *Page 3 
maintains that the doctrines of res judicata and collateral estoppel do not bar her petition.
 {¶ 6} To prevail on a motion for summary judgment, the moving party must demonstrate that, when the evidence is construed most strongly in favor of the non-moving party, no genuine issue of material fact remains to be litigated and that it is entitled to judgment as a matter of law. Civ. R. 56(C); Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64. A genuine issue of material fact exists unless it is clear that reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. Williams v. First United Church ofChrist (1974), 37 Ohio St.2d 150, 151. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously, with any doubts resolved in favor of the non-moving party. Murphy v.Reynoldsburg, 65 Ohio St.3d 356, 358-359, 1992-Ohio-95.
 {¶ 7} In Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107, the Supreme Court of Ohio stated that the moving party, on the ground that the non-moving party cannot prove its case, has the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the non-moving party's claim. Once the moving party satisfies this initial burden, the non-moving party has a reciprocal burden to set forth specific facts showing there is a genuine issue for trial. The issue presented by a motion for summary judgment is not the weight of the evidence, but whether there is sufficient evidence of the character and quality set forth in Civ. R. 56 to show the existence or non-existence of genuine issues of fact.
 {¶ 8} When an appellate court reviews a trial court's disposition of a summary judgment motion, the appellate court applies the same standard as applied by the trial *Page 4 
court. Maust v. Bank One Columbus, N.A. (1992), 83 Ohio App.3d 103, 107. An appellate court's review of a summary judgment disposition is independent and without deference to the trial court's determination.Brown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. Thus, in determining whether a trial court properly granted a summary judgment motion, an appellate court must review the evidence in accordance with the standard set forth in Civ. R. 56, as well as the applicable law. Murphy, supra.
 {¶ 9} Here, appellant's Licking County petition relied upon several handwritten pages of facts, which included an incident on November 13, 2007, where appellee pushed appellant, grabbed her wrists, and bent her fingers back in front of the children. She pushed appellee away with her foot and then called 9-1-1.
 {¶ 10} The handwritten facts in the Franklin County petition allege that appellee has engaged in the following acts of domestic violence: "Throwing phone, pushing throughout marriage — including while pregnant, grabbing arms wrists. Shoving against walls verbal assault, emotional abuse, mental abuse. Threats of killing me making it so I never see babies again. 2 sexual assaults — attempted rape stalking phone harass." Appellant attached an affidavit to her memorandum contra to appellee's motion for summary judgment. In the affidavit, appellant explained that an ex parte Civil Protection Order in Licking County was in effect until March 11, 2008. She moved to Franklin County on March 1, 2008. She petitioned the court to conceal her address from appellee because she was afraid of him and he had a history of stalking her, but the petition was denied. On March 9, 2008, she received a text message at 8:43 p.m. from appellee, which indicates that appellee could see appellant smoking on her balcony. Appellant responded with a text message that stalking was against the law. At *Page 5 
8:52 p.m., appellee sent another text message indicating that he was staying with his cousin, who lived close to appellant's new residence, rather than with his mother who lived approximately 30 miles from appellant's new residence. In the affidavit, appellant indicated she was filing for the civil protection order because the text messages indicated that appellee continued to stalk her and she feared for her safety.
 {¶ 11} Specifically, appellee's first text message was, as follows: "Is that cigarette good that u were smoking on your balcony. Are u going to take a shower, wash your hair, change your clothes before you go around the babies again!" Appellee's second text message was, as follows: "Just on the way to my cousin house to stay. He lives off westerville rd. I thought u didn't smoke anymore, (u just can't stop lying)."
 {¶ 12} As stated above, the trial court found that appellant based her Franklin County Petition for Domestic Violence Civil Protection Order upon the same facts as the Licking County petition and thus the doctrines of res judicata and collateral estoppel barred her petition. The trial court also found that, since the Licking County ex parte Civil Protection Order was still in effect, appellant's appropriate remedy was to contact the proper police department to report appellee's alleged violation of the order and not to file a new petition for a civil protection order in a different county the day after the first civil protection order expired.
 {¶ 13} The doctrine of res judicata provides that "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp.,73 Ohio St.3d 379, 1995-Ohio-331, syllabus. In Grava, the court stated that the doctrine of res judicata bars not only subsequent actions involving *Page 6 
the same legal theory of recovery as the previous action, but also claims which could have been litigated in the previous action:
 * * * "It has long been the law of Ohio that `an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit'" (emphasis sic) (quoting Rogers v. Whitehall [1986], 25 Ohio St.3d 67, 69, 25 OBR 89, 90, 494 N.E.2d 1387, 1388). We also declared that "[t]he doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." Id.
Grava, at 382, quoting Natl. Amusements, Inc. v. Springdale (1990),53 Ohio St.3d 60, 62.
 {¶ 14} "In Ohio, `[t]he doctrine of res judicata encompasses the two related concepts of claim preclusion * * * and issue preclusion, also known as collateral estoppel.'" State ex rel. Davis v. Pub. Emps.Retirement Bd., Slip Opinion No. 2008-Ohio-6254, ¶ 27, quotingO'Nesti v. DeBartolo Realty Corp., 113 Ohio St.3d 59, 2007-Ohio-1102, ¶ 6. "`[I]ssue preclusion, [or] collateral estoppel, holds that a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different.'" Id., quoting Ft. Frye Teachers Assn.,OEA/NEA v. State Emp. Relations Bd., 81 Ohio St.3d 392, 395,1998-Ohio-435. "`While the merger and bar aspects of res judicata have the effect of precluding the relitigation of the same cause of action, the collateral estoppel aspect precludes the relitigation, in a second action, of an issue that had been actually and necessarily litigated and determined in a prior action that was based on a different cause of action.'" Id. *Page 7 
 {¶ 15} "`Collateral estoppel applies when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action.'" Id. at ¶ 28, quotingThompson v. Wing, 70 Ohio St.3d 176, 183, 1994-Ohio-358.
 {¶ 16} Here, the parties are the same, but the facts underlying the two petitions are not the same. The main event involved in the Licking County petition was a physical altercation in November 2007 and the main event in the Franklin County petition were two text messages in March 2008 indicating that appellee had seen appellant while she was on her balcony. Therefore, the petitions did not arise out of the same transaction or occurrence and the doctrines of res judicata and collateral estoppel do not apply.
 {¶ 17} Furthermore, Ohio law does not require a certain sequence of remedies and appellant did not have only one "appropriate remedy" as the trial court found. While it may be a preferable remedy, there is no requirement that appellant call the police before seeking a civil protection order.
 {¶ 18} Accordingly, for the foregoing reasons, we sustain appellant's sole assignment of error. We reverse the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, and remand this cause to that court for further proceedings in accordance with law and consistent with this opinion.
Judgment reversed and cause remanded.
SADLER and McGRATH, JJ., concur.
KLINE, J., of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District. *Page 1