[Cite as *Stanley v. Parker*, 2021-Ohio-1701.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


KIMBERLY SUE STANLEY, et al.

 Plaintiffs-Appellees

-vs-

CLARENCE PARKER

 Defendant-Appellant

JUDGES:
Hon. Craig R. Baldwin, P. J.
Hon. W. Scott Gwin, J.
Hon. John W. Wise, J.

Case No. CT2020-0050

O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. JV000033989 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | May 17, 2021 |


APPEARANCES:

For Plaintiff-Appellee Stanley

KIMBERLY S. STANLEY, PRO SE
3585 Gorsuch Road, Apt 1-B
Nashport, Ohio 43830

For Defendant-Appellant

CLARENCE PARKER, PRO SE
584 Glade Park Loop
Montgomery, Alabama 36109

*Wise, J.*

**{¶1}** Defendant-Appellant Clarence Parker appeals the September 24, 2020, decision of the Muskingum County Court of Common Pleas, Domestic Relations Division, approving and adopting the Magistrate's Decision.

**{¶2}** Plaintiff-Appellee Kimberly Sue Stanley has not filed a brief in this matter.

## STATEMENT OF THE FACTS AND CASE

**{¶3}** The relevant facts and procedural history are as follows:

**{¶4}** On November 15, 1994, Appellee Kimberly Sue Stanley and the Muskingum County Child Support Enforcement Agency (MCCSEA) filed a Complaint to Establish the Father-Child Relationship in the Muskingum County Court of Common Pleas, Juvenile Division, naming Clarence Parker as the natural father of Brodrick (DOB 07/13/1989) and Terrence (DOB 11/25/1993).

**{¶5}** On November 21, 1994, Clarence Parker was adjudicated as the father of the two minor children. No order for child support was issued.

**{¶6}** On July 24, 1996, Appellee Kimberly Sue Stanley and MCCSEA filed a second Complaint to Establish the Father-Child Relationship in the Muskingum County Court of Common Pleas, Juvenile Division, with regard to Christopher (04/24/1996).

**{¶7}** On September 4, 1996, a hearing was held on Appellee's motion.

**{¶8}** By Judgment Entry filed October 8, 1996, the trial court adjudicated Mr. Parker as the father of Kimberly Stanley's child Christopher (DOB 04/24/1996). In addition, the trial court ordered Mr. Parker to pay Kimberly Stanley $123.71 per month per child for the support of the three children, beginning May 1, 1996. The trial court also granted the Ohio Department of Human Services judgment against Mr. Parker in the

amount of $8,103.07 for confinement costs[1]. The court ordered Mr. Parker to pay $52.00 per month toward the judgment for confinement costs and accumulated child support arrearages.

{¶9} By Agreed Entry filed 04/14/1999, the trial court found Mr. Parker in contempt for failure to pay child support as ordered. A thirty (30) day jail sentence was suspended on the condition that Mr. Parker purge his contempt by paying not less than $107.50 per month toward arrearages in the approximate amount of $12,890.43 as of 04/08/1999.

{¶10} By Agreed Entry filed April 21, 1999, the trial court found that Kimberly Stanley waived all child support arrearages owed to her by Mr. Parker through 04/09/1999, being the amount of $6,156.80. The court found that Kimberly Stanley could not waive arrearages that had already been assigned to the state or the judgment for confinement costs. The trial court did not terminate or modify the current child support obligation of $123.71 per month per child or the purge condition of $107.50 per month, plus processing charge.

{¶11} In May, 2000, the trial court imposed the previously suspended jail sentence because Mr. Parker failed to comply with the purge conditions.

{¶12} On August 30, 2007, the trial court approved and adopted the Notice of Child Support Termination Investigation of 07/13/2007, indicating that Mr. Parker's

---

[1] R.C. §3111.13(C) Except as otherwise provided in this section, the judgment or order may contain, at the request of a party and if not prohibited under federal law, any other provision directed against the appropriate party to the proceeding, concerning the duty of support, the payment of all or any part of the reasonable expenses of the mother's pregnancy and confinement, the furnishing of bond or other security for the payment of the judgment, or any other matter in the best interest of the child.

obligation to pay child support for Brodrick terminated on 07/13/2007, and that he owed child support arrearages of $49,044.58 and processing charges of $954.71 as of 05/31/2007.

{¶13} On October 23, 2009, the trial court approved and adopted the Notice of Child Support Termination Investigation indicating that Mr. Parker's obligation to pay child support for Christopher terminated on 09/01/2009, because the child was placed in Mr. Parker's custody as of that date, and that he owed $51,599.57 in arrears and/or other balance as of 08/31/2009.

{¶14} On December 16, 2009, neither party having requested a hearing to contest the Findings and Recommendations for modification of child support issued on 11/24/2009, the court adopted those Findings and Recommendations. The trial court reduced Mr. Parker's current support obligation for Terrence to $6.16 per month when private health insurance is provided, or $88.88 per month, plus cash medical support of $64.58 per month, when private health insurance is not provided, plus processing charges. The trial court ordered Clarence Parker to pay $354.92 per month, plus processing charges, toward child support arrearages of $51,153.16, plus processing charge, as of 11/24/2009.

{¶15} On May 7, 2012, the Child Support Division (CSD) issued Findings and a Recommendation to Terminate the Court Child Support Order relating to Terrence. CSD found that Terrence turned 18 years of age on November 25, 2011, and graduated from Tri-Valley High School on May 25, 2012. Based on those findings, CSD recommended that Mr. Parker's current child support obligation for Terrence be terminated as of May 12, 2012.  In addition, CSD found that Mr. Parker owed $44,309.30 in arrears and/or other

balances as of April 30, 2012. CSD recommended that Mr. Parker be ordered to pay $361.08 per month toward the arrears and/or other balances.

{¶16} By motion filed July 16, 2012, Mr. Parker timely objected to the administrative child support termination decision issued by the Muskingum County Job and Family Services, Child Support Division on June 19, 2012.

{¶17} On August 14, 2012, a hearing on the motion commenced and was later completed on October 9, 2012. Kimberly Stanley and Clarence Parker appeared for hearing without counsel.

{¶18} In his motion, Mr. Parker asserted that CSD erred in finding that he owed $44,309.30 in arrears and/or other balances (child support, confinement costs, and processing charges) as of April 30, 2012.

{¶19} The trial court found that when it adopted the September 18, 2009, CSD Notice of Child Support Termination Investigation, it made a finding on 10/23/2009 that Clarence Parker owed arrears and/or other balances of $51,599.57 as of 08/31/2009, and that no appeal was taken from that finding. The court found that as result, both parties were legally bound by that finding and are barred by the doctrine of *res judicata* from presenting any evidence or argument to challenge that 2009 arrearage finding.

{¶20} At the same hearing, Mr. Parker asserted that he should be given credit against his arrearage balance for the summer months during which the children visited him during their minority. The court found this argument to be without merit because Mr. Parker's obligation to pay child support to Kimberly Stanley was never suspended or otherwise modified during any parenting time periods. The court found that it could not retroactively modify the amount of Mr. Parker's arrearages based upon such a claim.

However, at the hearing on 10/09/2012, Kimberly Stanley knowingly and voluntarily waived the sum of $2,226.78 in unassigned child support arrearages ($371.13 x 6 months) based upon the amount of extended parenting time Mr. Parker exercised with the children during their minority. Therefore, the court ordered that CSD adjust its records to reflect the waiver of arrearages of $2,226.78 in unassigned child support owed to her in this case.

{¶21}  Mr. Parker also asserted that he should receive some sort of credit against his support arrearages because Kimberly Stanley failed to permit him to claim the children as dependents on his taxes, thereby reducing the amount of his tax refunds that CSD intercepted. The court found that in its original child support order of 10/07/1996, the court allocated to Mr. Parker the right to claim all three children as dependents for purposes of local, state, and federal income taxation.

{¶22}  The court found that if Mr. Parker had or has a valid claim against Kimberly Stanley for violating the court order relating to the dependency exemptions, he has a right to file the appropriate action to enforce the court order. The court went on to find, however, that the amount of Mr. Parker's child support obligation was never conditioned on Kimberly Stanley's compliance with the order allocating dependency exemptions. The court found that he had not filed a motion charging her with contempt for violating the order allocating dependency exemptions; nor had he filed a motion requesting a money judgment against her for this alleged violation. Therefore, any claim that Mr. Parker may or may not have against Kimberly Stanley for allegedly violating the order allocating dependency exemptions was outside the scope of this proceeding and without merit.

**{¶23}** Mr. Parker also asserted that he requested a modification of his child support obligation to Kimberly Stanley in 1997, 1999, and 2009, but that no action was ever taken on his requests. The court found that the Clerk's file revealed no motion from either party requesting a modification of child support at any time. The file does contain a letter from Mr. Parker, dated 12/21/2009, indicating that he was aware that CSD had informed him that his request for a court hearing to contest CSD's recommended modification was not submitted in a timely manner; however, the court had already adopted CSD's findings and recommendations on 12/16/2009 because neither party had requested a court hearing within the statutorily prescribed objection period. Thus, nothing in the Clerk's file supports Clarence Parker's assertion that the Court failed to act on any written motion requesting modification of the child support order in this case. Therefore, this argument is without merit.

**{¶24}** At said hearing, Mr. Parker also asserted that he should not be required to pay the judgment for confinement costs because he was indigent at the time the judgment was entered against him. The trial court found that such argument could and should have been raised in a direct appeal of the judgment, and that it could not be used to collaterally attack the judgment sixteen (16) years after it was granted.

**{¶25}** Clarence Parker further asserted that CSD should not be entitled to collect processing charge arrears from him for the period of time during which he has been making child support payments because CSD had failed to deduct its processing charge from his payments. In response, the court found Ohio Revised Code and the Ohio Administrative Code govern the hierarchy under which monies collected by the CSD must be applied toward support obligations. With the exception of tax intercepts, CSD is not

permitted to apply monies collected from Mr. Parker toward arrears owed to the State, including processing charges, until the obligation owed to Kimberly Stanley has been paid in full. *See* R.C. §3121.58. The court found that the CSD had been doing exactly what the law requires and found this argument is without merit.

**{¶26}** Finally, Clarence Parker asserted that CSD had incorrectly determined the amount of processing charge he owes. The court found the amount of processing charge is determined by statute, and that CSD is assessing a processing charge in the appropriate amount.

**{¶27}** Finally, the court ordered that Clarence Parker shall pay not less than $361.08 per month, plus processing charge, toward child support arrears, confinement costs, and processing charge arrears, until all balances are paid in full. CSD shall issue the appropriate withholding notice in that amount.

**{¶28}** On September 4, 2019, Appellant Clarence Parker filed a motion with the Muskingum County Common Pleas Court, Domestic Relations Division, requesting that the income withholding order issued to his employer by the Child Support Division be immediately rescinded and that "all funds, payments, garnishments and all monies allocated or spent in reference to or pursuant to this case since 2012" be returned.

**{¶29}** On August 5, 2020, a hearing was held on Appellant's motion before a Magistrate. Present at the hearing were Appellant, who appeared without counsel, and the attorney for the Muskingum County Department of Job and Family Services, Child Support Division. Kimberly Stanley did not appear for the hearing.

**{¶30}** At the hearing, Appellant amended his motion to add a request that the court waive all arrearages in this case.

**{¶31}** On September 24, 2020, the Magistrate filed his Decision wherein he summarized the prior proceedings and decisions which had taken place in this case from October, 2009, through November, 2012. The Magistrate also included tables showing the amount of child support due for each month beginning with September, 2009, and ending with May, 2012. The court then prepared another table showing the processing charges for that same time period. Next, the court included a table showing the payments received by the Child Support Division from September 1, 2009, through July 31, 2020. The court found that as of July 31, 2020, Appellant owed child support arrearages of $12,214.28, processing charges of $2,020.21, and confinement costs of $8,103.07, for a total balance of $22,337.56.

**{¶32}** The court further found that on November, 2012, the court ordered Appellant to make monthly payments of $361.08, plus processing charges, toward the arrearage balances he owed.

**{¶33}** The court then found that Appellant had produced no evidence showing that the court's order requiring him to make said monthly payments should be changed. The court further found that R.C. §3121.02 requires that any arrearages be collected by withholding or deduction from the obligor's income.

**{¶34}** Based on the foregoing, the court dismissed Appellant's motion and amended motion.

**{¶35}** By Judgment Entry filed September 24, 2020, the trial court approved and adopted the decision of the Magistrate and entered it as the court's judgment.

**{¶36}** Appellant now appeals, raising the following assignment of error for review:

## ASSIGNMENT OF ERROR

{¶37} "I. THE COURT WRONGLY USES IT'S [SIC] FINDINGS ON OCTOBER, 2009 AS IT'S [SIC] STARTING POINT IN CALCULATING ARREARS OWED. THIS ORDER HAS BEEN IN EFFECT SINCE 1996.

THE COURT ERRS BY DISMISSING AND FAILING TO RULE ON MOTIONS FILED WITH IT'S [SIC] COURT.

THE COURT ERRS WHEN IT CHARGES MR. PARKER WITH CONFINEMENT COST IT SEEKS IN THE AMOUNT OF $8,103.07. THE COURT HAS NEVER DEFINED "CONFINEMENT" AS USED IN THIS CASE.

THE COURT ERRED IN 2012 BY NOT AWARDING MR. PARKER FINANCIAL SUPPORT FROM THE PLAINTIFF FOR THE MINOR CHILD IN HIS CUSTODY.

THE COURT ALSO ERRED WHEN IT DID NOT DISMISS THIS ORDER WITHOUT PREJUDICE WHEN IT WAS MADE AWARE OF THE PLAINTIFF'S FAILURE TO ADHERE TO IT IN 2012.

THE MUSKINGUM COUNTY COURT OF COMMON PLEAS HAS BEEN BIASED FOR THE PLAINTIFF, IGNORING THE DEFENDANT'S CLAIMS AND ARGUING FOR THE PLAINTIFF IN ITS DECISIONS.

THE COURT CONTRADICTS THE NORMS OF THE COURT BY RULING IN FAVOR OF THE PLAINTIFF WHEN THE PLAINTIFF FAILED TO APPEAR IN COURT.

I.

{¶38} Appellant set forth and argued the above-listed assignment of error as a single assignment of error.

**{¶39}** Initially, we note that Appellant has failed to provide this Court with a transcript of the August 5, 2020, proceedings, or any of the proceedings in which he is alleging error occurred.

**{¶40}** An appellant is required to provide a transcript for appellate review. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). Such is necessary because an appellant shoulders the burden of demonstrating error by reference to matters within the record. *See, State v. Skaggs*, 53 Ohio St.2d 162, 163, 372 N.E.2d 1355 (1978).

**{¶41}** This principle is embodied in App.R. 9(B), which states in relevant part:

If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion. App.R. 9(B).

**{¶42}** Where portions of the transcript necessary for the resolution of assigned errors are omitted from the record, an appellate court has nothing to pass upon. As appellant cannot demonstrate those errors, the court has no choice but to presume the validity of the lower court's proceedings. *State v. Ridgway*, 5th Dist. Stark No.1998CA00147, 1999 WL 100349 (Feb. 1, 1999), citing *Knapp*, *supra*.

**{¶43}** Under the circumstances, a transcript of the proceedings is necessary for a complete review of the errors assigned in Appellant's brief since Appellant is challenging the Magistrate's findings. As Appellant has failed to provide this Court with a transcript, we must presume regularity of the proceedings below and affirm.

**{¶44}** Additionally, Appellant did not file objections to the Magistrate's Decision in this case. Civil Rule 53 governs matters referred to magistrates. Civ.R. 53(D) states in pertinent part:

(3) Magistrate's decision; objections to magistrate's decision.

* * *

(b) Objections to magistrate's decision

* * *

(iv) Waiver of right to assign adoption by court as error on appeal. Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

**{¶45}** In failing to object to the Magistrate's decision, Appellant waived any error. Civ.R. 53(D)(3)(b)(iv) (stating that "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53[D][3][a][ii], unless the party has objected to that finding or conclusion as required by Civ.R. 53[D][3][b]").

**{¶46}** As there is no record, there is likewise no demonstration of plain error in said record, rendering Appellant's assertions unpersuasive.

{¶47} Furthermore, the decisions and calculations Appellant is challenging were made in 1996, 2009 and 2012. Appellant failed to take issue with these decisions when they were made.

{¶48} "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction * * * that was the subject matter of the previous action." *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, syllabus.

{¶49} The doctrine of *res judicata* not only bars all claims that were litigated in a prior action but also all claims which might have been litigated in that action. In *Grava,* the Supreme Court of Ohio reiterated its prior statement of the law made in *Natl. Amusements, Inc. v. Springdale* (1990), 53 Ohio St.3d 60, 62:

> * * * "It has long been the law of Ohio that 'an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were *or might have been* litigated in a first lawsuit' "(emphasis sic) (quoting *Rogers v. Whitehall* [1986], 25 Ohio St.3d 67, 69, 25 OBR 89, 90, 494 N.E.2d 1387, 1388). We also declared that "[t]he doctrine of *res judicata* requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." *Id.*

{¶50} *Grava,* at 382.

{¶51} Because Appellant could have raised his objections in an appeal from the court's 1996, 2009 and 2012 decisions, these matters are both improperly before this Court, raised for the first time on appeal, and such is barred by the doctrine of *res judicata*.

Therefore, we cannot find error with the trial court's calculations for purposes of determining Appellant's arrearages amount.

**{¶52}**  Based on the record before us, reviewed under the constraints of Civ.R. 53, we find no abuse of discretion in the trial court's decision affirming and adopting the Magistrate's Decision dismissing Appellant's motions.

**{¶53}**  Accordingly, Appellant's assignment of error is overruled.

**{¶54}**  The judgment of the Muskingum County Court of Common Pleas, Domestic Relations Division, is affirmed.

By: Wise, J.

Baldwin, P. J., and

Gwin, J., concur.

JWW/kw  0514